IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| WILLIAM E. PIERCE, ) | |
| THERESA M. PIERCE, ) | Bankruptcy No. 12-01271 |
| ) | |
| Debtors. ) | |

## ORDER RE OBJECTION TO CLAIM OF
## INTERNAL REVENUE SERVICE

This matter came before the undersigned for hearing on February 27, 2013.
Debtors William and Theresa Pierce appeared with Attorney Don. E. Gottschalk.
Attorney Martin McLaughlin appeared on behalf of the Internal Revenue Service
("IRS").   Attorney Carol F. Dunbar appeared as the Chapter 13 Trustee.   This is a
core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Debtors filed this Chapter 13 case on June 28, 2012.   On October 4, 2012, the
Court found Debtors' plan was not confirmable and gave Debtors 21 days to file an
amended plan.   Debtors filed their Objection to the claim filed by the IRS and
moved to extend the deadline to file a modified plan.   By Order entered November
16, 2012, the Court extended the time to file a Modified Plan to 14 days after the
Objection to Claim issue is resolved.   Hearing on the Objection to Claim has been
delayed in part by counsel's health.   Debtors also requested a continuance in
January stating the hearing may take more time than was set aside and there was a
"strong likelihood" that an agreement could be reached between the parties.

Debtors' objection asserts the secured claim of the IRS is overstated.   They
argue their equity in the property is less than $65,435 which the IRS asserts is the

amount of its secured claim.    On the date of the hearing, Debtors proffered copies of a NADA value report regarding a 1998 Double-Wide Dutch mobile home.    Exhibit A.    Page one of the report lists a "Total Adjusted (Retail) Value of Home and Optional Equipment" of $22,359.90.    Schedule D lists a mortgage on the property of $49,813.25.

Counsel for the IRS stated the IRS bases the amount of its secured claim on the values listed in Debtors' bankruptcy schedules.    Exhibit 2 is a copy of Debtors' complete bankruptcy schedules and statements.    Counsel for Debtors explained that Debtors' Schedule A listed the current value of their real estate according to the County Treasurer's assessment.    Debtors, however, disagree with the amount of the assessment.    Counsel stated that Debtors had been trying to get an appraisal completed without success.

The IRS filed a Motion to Supplement the Record to add a copy of its amended Proof of Claim filed January 29, 2013.    The Motion should be sustained. In the amended Proof of Claim, the IRS asserts a secured claim of $65,037.    The Motion states this amount primarily includes the equity in Debtors' home and other assets as listed on Schedule B.    The amount of the IRS's priority claim is reduced to $3,931.48 based on Debtors filed return.    Debtors do not dispute the priority claim on the amended return.

## CONCLUSIONS OF LAW

Under § 502(a), when a proof of claim is filed under § 501, the claim is deemed allowed, unless a party in interest objects.    11 U.S.C. § 502(a).    When an objection to the claim has been filed, the court determines and allows the amount of the claim as of the petition date.    In re AFY, Inc., 463 B.R. 483, 488 (B.A.P. 8th Cir. 2012).

> A proof of claim that is filed in accordance with the Federal Rules of
> Bankruptcy Procedure is "prima facie evidence of the validity and the
> amount of the claim." Fed. R. Bankr. P. 3001(f).   To overcome a
> claim's presumptive validity, an objection must be supported by
> substantial evidence.   The claimant must provide additional evidence
> of the claim's validity if the party objecting to the claim rebuts its
> presumptive validity.

Id. (citations omitted).

This Court has recognized that an NADA guide can constitute some evidence of value.   In re Roberts, 210 B.R. 325, 330 (Bankr. N.D. Iowa 1997).   It should, however, be used in conjunction with expert testimony.   Id.   "Use on its own is not favored."   Id.

## ANALYSIS

Based on the foregoing, the Court concludes that Debtors' Objection to the claim of the IRS should be denied.   The IRS properly filed original and amended proofs of claim under § 501.   It asserts a secured claim in an amount based on schedules filed by Debtors under oath.   Debtors estimated the value of their home based on a County Treasurer assessment which they oppose.   They have not, however, offered substantial evidence to rebut the presumptive validity of the IRS claim.   They have had sufficient time since they filed their objection to obtain an appraisal.   Instead, they provided the Court and counsel for the IRS a value report from NADAguides.com.   This information fails to rebut the validity of the IRS' Proof of Claim, which itself is based on Debtors' bankruptcy schedules.

**WHEREFORE**, Debtors' Objection to Claim of Internal Revenue Service is OVERRULED.

3

**FURTHER**, the Motion to Supplement the Record is SUSTAINED.

**FURTHER**, the claim of the IRS is allowed as amended on January 29, 2013.

**FURTHER**, Debtors have 14 days from the date of this Order to file a modified Chapter 13 plan.

Dated and Entered: March 12, 2013

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE